UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROYREGUIES HALL #473044/118979     CIVIL ACTION NO. 19-cv-0290

VERSUS     JUDGE FOOTE

CADDO POLICE DEPT., ET AL     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Royreguies Hall ("Plaintiff") is a self-represented inmate housed at the Caddo Correctional Center. He alleges that he had an encounter with Caddo Parish deputies and a K-9 that resulted in dog bites, the application of a Taser, and a beating that left him unconscious. Plaintiff alleges that his nose, right eye socket, and several teeth were broken, and that he suffered a gash underneath his right eye that required stitches. He says that he woke up a day later in the hospital, and he has suffered vision loss due to the attack.

Plaintiff's complaint names as defendants Caddo Police Department, Jeorge Nicholas, Shreveport Police Department, David Nelson, and Caddo Correctional Center Staff. Before the court is a Motion to Dismiss (Doc. 10) filed by Caddo Police Department and Caddo Correctional Center Staff on the grounds that neither of them is a legal entity capable of being sued. Plaintiff has not filed an opposition to the motion. For the reasons that follow, it is recommended that both movants plus the Shreveport Police Department be dismissed from the case.

**Caddo Correctional Center Staff**

Plaintiff lists as a defendant Caddo Correctional Center Staff, without further specification. The unspecified staff at a jail or prison is not a legal entity capable of being sued. Granger v. Tangipahoa Parish Jail - Medical Staff, 2013 WL 1103279, *2 (E.D. La. 2013); Mondello v. Bossier Parish Sheriff's Office, 2006 WL 1985407, *4 (W.D. La. 2006). The jail staff or medical staff is simply a description of a group of employees, which may not be sued in that fashion. Johnson v. Prator, 2016 WL 9528076, n.1 (W.D. La. 2016). Accordingly, Caddo Correctional Center Staff should be dismissed as a defendant.

**Caddo Police Department**

Plaintiff names as a defendant the Caddo Police Department. The court is not aware of any agency by that name. There is the Caddo Parish Sheriff's Office, but a Sheriff's Office or Sheriff's Department is not a legal entity capable of being sued. Edmiston v. Louisiana Small Bus. Dev. Ctr., 931 F.3d 403, 407 (5th Cir. 2019) ("we have held that Louisiana sheriffs are juridical entities that can be sued, but Louisiana sheriff's offices are not"), citing Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002) (the "Parish Sheriff's Department" may not be sued.). Accordingly, Caddo Police Department should be dismissed as a defendant.

**Shreveport Police Department**

It appears that Plaintiff's alleged encounter was with sheriff's deputies rather than city police, but Plaintiff names as a defendant the Shreveport Police Department. A municipal police department must enjoy a separate legal existence if it is to be sued. The true political entity, in this case the City of Shreveport, must have taken explicit steps to

grant the servient agency with authority to engage in litigation. Darby v. Pasadena Police Dept., 939 F.2d 311, 313 (5th Cir. 1991).

This court has held that the Shreveport Police Department does not have such authority, so it is not a legal entity capable of being sued in federal court. Hicks v. Louisiana, 2014 WL 869247 (W.D. La. 2014). See also Martin v. Davis, 2007 WL 763653 (E.D. La. 2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued.") and Horton v. Corner, 2017 WL 222987 (W.D. La. 2017) (Bunkie Police Department not a proper defendant).

The Shreveport Police Department has not filed a motion to dismiss, but sua sponte dismissal is appropriate. The Report and Recommendation procedure satisfies due process by affording Plaintiff sufficient notice of and opportunity to respond to the recommended dismissal of this defendant. Jackson v. Brun, 2019 WL 4282167, *3 (W.D. La. 2019).

Accordingly,

It is recommended that the Motion to Dismiss (Doc. 10) be granted and that all claims against Caddo Police Department and Caddo Correctional Center Staff be dismissed for failure to state a claim on which relief may be granted. It is further recommended that all claims against Shreveport Police Department be dismissed for failure to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of December, 2019.

Mark L. Hornsby
U.S. Magistrate Judge