UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROYREGUIES HALL #473044/118979          CIVIL ACTION NO. 19-cv-0290

VERSUS                                  JUDGE ELIZABETH E. FOOTE

CADDO POLICE DEPT ET AL                 MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Royreguies Hall ("Plaintiff"), who is self-represented, alleged in his complaint that he had an encounter with Caddo Parish deputies and a K-9 that resulted in dog bites, the application of a Taser, and a beating that left him unconscious. Plaintiff alleged that his nose, right eye socket, and several teeth were broken, and he suffered a gash underneath his right eye that required stitches. He said that he woke up a day later in the hospital, and he has suffered vision loss due to the attack.

Plaintiff's complaint named as defendants Caddo Police Department, Shreveport Police Department, Caddo Correctional Center Staff, Jeorge Nicholas, and David Nelson. The undersigned earlier issued a Report and Recommendation that recommended the dismissal of the claims against the Caddo Police Department, Shreveport Police Department, and Caddo Correctional Center Staff. Doc. 18. Now before the court is a Motion to Dismiss (Doc. 21) filed by Dr. David Nelson. For the reasons that follow, it is recommended that the motion be granted. It is further recommended that the claims against the only other defendant, Jeorge Nicholas, be dismissed for failure to prosecute.

**Dr. Nelson**

Dr. Nelson argues that he is entitled to dismissal because the complaint fails to state a claim against him on which relief may be granted.  He also invokes the defense of qualified immunity.  "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense."  McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).  In a Rule 12(b)(6) contest, that means the Plaintiff must point to portions of his complaint "that state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity."  Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994).  Qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Mullenix v. Luna, 136 S.Ct. 305, 308 (2015).

Plaintiff filed his complaint on a pre-printed form that he completed.  Section III asked Plaintiff to list the parties to the lawsuit, and he included David Nelson, who he identified as being employed at the Caddo Correctional Center.  It has been stated in other litigation that Dr. Nelson is a physician who sometimes performs contract medical services at the jail.  Section IV asked Plaintiff to state the facts of his case and specifically describe the involvement and actions of each named defendant.  Plaintiff described his arrest and alleged beating at the hands of the arresting officers.  Plaintiff wrote that he woke up a day later in the hospital with tubes in his throat and nose.  But Plaintiff did not include a single

mention of Dr. Nelson, nor did he make any allegation regarding medical care or lack of care that Plaintiff might have received at Caddo Correctional Center.

Dr. Nelson's motion to dismiss was noticed for briefing, but the notice was returned by the postal service with an indication that Plaintiff was "gone" from the jail.  Doc. 23. Other items mailed to Plaintiff in the last several weeks have also been returned.  One of them included a handwritten note that Plaintiff was released on October 29, 2019.  Doc. 19.  Plaintiff has not filed any opposition to the motion to dismiss.

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must identify a defendant who was either personally involved in a constitutional violation or whose acts are causally connected to the constitutional violation alleged.  Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).  A complaint that lists a person as a defendant but makes no allegation that the person contributed to an infringement of constitutional rights fails to state an actionable claim.  Clark v. Thibodaux City, 787 Fed. App'x 198, 202 (5th Cir. 2019).  Plaintiff has not alleged any facts that depict Dr. Nelson engaging in any actions or inactions that could be construed as a constitutional violation.  Plaintiff has not, therefore, stated a claim on which relief may be granted or overcome his burden with respect to the defense of qualified immunity.  Dr. Nelson is entitled to dismissal of all claims against him.

**Remaining Claims; Failure to Prosecute**

There is only one other defendant, Jeorge Nicholas, with respect to which the undersigned has not recommended dismissal.  There is an indication that Nicholas was served (Doc. 9), but he has not yet filed an answer.  The claims against Nicholas should be

dismissed because Plaintiff has failed to keep the court advised of a current address and has apparently ceased participation in this case.

Plaintiff's original complaint was filed on a form provided by the court.  The last section of the form, which was signed and dated by Plaintiff, stated: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed."  When the court ordered that Plaintiff's complaint be served, the order ended with the statement: "All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address.  Failure to do so shall be considered grounds for dismissal or other appropriate sanctions." Doc. 5.  Plaintiff has filed notices of change of address in some of his several other cases with this court.

Three items mailed by the court since December 2019 have been returned as undeliverable.  As noted above, they contained indications that Plaintiff is no longer at Caddo Correctional Center and was released from that facility in October 2019.  Plaintiff has not filed a change of address notice or anything else to indicate a post-release mailing address.

Plaintiff was warned in his complaint form and in a prior order that he must keep the court informed of his current address.  Those warnings were consistent with Local Rule 11.1 that provides each attorney and pro se litigant has a continuing obligation to apprise the court of any address change.  Local Rule 41.3 authorizes dismissal when notices mailed by the court are returned for reason of an incorrect address and no correction is made within 30 days.  More than 30 days have now passed since the mail was returned, and nothing has

been filed by Plaintiff in the interim.  The court need not expend resources on a case in which it has no means of contacting the plaintiff or obtaining his participation in the litigation.  Dismissal of all remaining claims without prejudice for failure to prosecute is warranted in these circumstances.  Honore v. Christian, 2005 WL 1330152, *3 (W.D. La. 2005); St. Juniors v. Burgess, 2016 WL 4368230 (E.D. La. 2016).

Accordingly,

It is recommended that Dr. David Nelson's Motion to Dismiss (Doc. 21) be granted and that all claims against Dr. Nelson be dismissed with prejudice for failure to state a claim on which relief may be granted.  It is further recommended that all remaining claims, including any claims against Jeorge Nicholas, be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  <u>See</u>

<u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of February,

2020.

Mark L. Hornsby
U.S. Magistrate Judge